People v Smith (2024 NY Slip Op 00818)

People v Smith

2024 NY Slip Op 00818

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Manzanet-Daniels, J.P., Oing, Kapnick, Shulman, Pitt-Burke, JJ. 

Ind No. 3354/08 Appeal No. 1656 Case No. 2020-02130 

[*1]The People of the State of New York, Respondent,
v
William Smith, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Clara Hammond-Oakley of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Saad Siddiqui of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about February 7, 2020, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed 15 points under the risk factor for history of drug or alcohol abuse. Defendant's multiple prior drug convictions, the results of two screening tests for alcohol and substance abuse at New York State Department of Corrections and Community Services (DOCCS) reception and subsequent referral to an alcohol and substance abuse treatment program, and defendant's infraction for drug possession while incarcerated provided clear and convincing evidence of a history of substance abuse (see People v Sims, 215 AD3d 496, 497 [1st Dept 2023], lv denied 40 NY3d 904 [2023]; People v Greene, 154 AD3d 583 [1st Dept 2017], lv denied 30 NY3d 913 [2018]). In any event, even without the 15 points, defendant would still remain a presumptive risk level three offender, with a total point score of 110.
The court providently exercised its discretion in denying a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's participation in educational and vocational programs have been adequately taken into account by the risk assessment instrument (see People v Sadagheh, 214 AD3d 566 [1st Dept 2023], lv denied 40 NY3d 902 [2023]), and he has not established that his response to sex offender treatment was so exceptional as to warrant a departure (see People v Alcantara, 154 AD3d 532 [1st Dept 2017], lv denied 30 NY3d 908 [2018]). Furthermore, the mitigating circumstances were outweighed by the seriousness of the underlying crimes, which involved the sexual abuse of two children over a period of two years, starting when they were 9 and 13 years old.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024